IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

```
KANSAS BANKERS SURETY COMPANY,      )
A Kansas Corporation,               )    NO. 4:04-cv-10230
                                    )
        Plaintiff,                  )
                                    )    RULING ON PLAINTIFF'S
   vs.                              )    MOTION IN LIMINE
                                    )    AND TO STRIKE THE THIRD
FARMERS STATE BANK, YALE, IA,       )    EXPERT REPORT OF
An Iowa Banking Corporation,        )    ROBERT L. KIRCHNER
                                    )
        Defendant.                  )
```

FSB has identified certified fraud examiner Robert L. Kirchner as an expert witness. Kirchner authored two reports, the second a supplement, which were disclosed to KBS on January 27, 2004 and April 30, 2004. On February 16, 2005 FSB served its initial expert disclosures required by Fed. R. Civ. P. 26(a)(2) identifying Kirchner as an expert and stating he would testify as indicated in the 2004 reports. The scheduling order deadline for FSB to disclose expert witnesses was April 11, 2005, and FSB timely designated Kirchner, though it did not say what his opinions were or provide any additional written reports. KBS reasonably assumed Kirchner would testify consistent with the reports with which it had previously been provided.

KBS' deadline to disclose rebuttal experts was April 29, 2005. In reliance on the reports with which it had been provided it concluded it did not need rebuttal expert testimony.

On July 11, 2005, FSB disclosed a third report from Kirchner some 38 pages in length and filled with opinions on ultimate issues of fact and mixed questions of fact and law which Kirchner had not included in his two previous reports. KBS moves in limine [63] to exclude the new opinions and to strike the report as untimely. FSB resists.

Kirchner's third report is untimely under the initial disclosure rule and the scheduling order. FSB contends it was proper for Kirchner to supplement his report in light of Mr. Barber's June 3, 2005 deposition, but the Court is not convinced, and FSB has not demonstrated, that new information was received which would justify a third report as supplementation based on additional facts. The core facts in this case have been known to FSB for a long time and were a part of FSB's fiduciary duty and fraud claims tried against Barber in state court.

The third report is not a supplementation fairly within the ambit of the rules, it is a re-cast and add-on to marry Kirchner's opinions to the coverage issues under Insuring Agreement (A) of the bond at issue in this case -- fraud and dishonesty, manifest intent, collusion and financial benefit to Barber. As indicated at hearing, opinions on ultimate issues like those given by Mr. Kirchner in his third report concerning Barber's intent, knowledge, honesty and collusion with others are not, in my view, admissible under Fed. R. Evid. 702 as they simply tell the fact finder how to decide the case. They are of no assistance to this fact finder in understanding the evidence or determining fact

issues. Mr. Kirchner's third report is thus both tardy and contains inadmissible opinions.

In the absence of substantial justification for the tardy disclosure or other more appropriate sanction, unless the failure is harmless Mr. Kirchner's third report and the opinions in it may not be used at trial or in connection with any motion. Fed. R. Civ. P. 37(c)(1). Though FSB presents the third report as really nothing new from the first and second reports, Kirchner's opinions on ultimate issues are, for the most part, new, and clearly have been crafted to conform to the specific coverage issues arising under KBS' bond. KBS would not have had a fair opportunity to meet Kirchner's new opinions within the parameters of the current scheduling order. Deadlines can be extended, but additional expert discovery would have unreasonably crowded the trial date. The failure to timely disclose is not harmless.

The motion [63] is **granted** in part as follows. Mr. Kirchner's third report will not be received in evidence. It has been given no consideration in connection with the summary judgment ruling. Opinion testimony from Mr. Kirchner at trial on ultimate issues such as Barber's honesty or lack thereof, whether FSB was deceived, Barber's "knowing disregard" for the welfare of FSB, Barber's knowledge of the probable consequences of his actions, whether he colluded with Lancaster and Funk, whether he received a personal benefit from the loans, and the like is precluded. I will, however, receive expert testimony from Mr. Kirchner reasonably tethered to his two earlier reports or new information from

Barber's most recent deposition, and on the subject of financial benefit to Barber, will not preclude Mr. Kirchner from "following the money" to demonstrate a financial benefit, leaving the ultimate conclusion to be made by the Court.[1]

    IT IS SO ORDERED.

    Dated this 21st day of November, 2005.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE

---

[1] In this regard the Court notes Kirchner's first report did opine that Barber had benefitted personally from the Funk and Lancaster loans. January 27, 2004 Report at 23.